Hugh A. Lavery, Jr., Esq. Corporation Counsel Ossining
You state that the Village of Ossining recently elected to have the provisions of General Business Law § 352-eee apply to conversions of rental residential complexes in the village to cooperative or condominium units. You inquire whether the village, by local law, may amend the provisions of General Business Law § 352-eee so as to provide protection to non-purchasing tenants 62 years of age or older, only if those tenants receive an income of less than $30,000 per annum.
Chapter 544 of the Laws of 1978 enacted General Business Law § 352-ee
which was amended to a minor extent and renumbered section 352-eee by chapter 135 of the Laws of 1979. The statute applies only in Nassau, Westchester and Rockland counties and in those counties applies only in a city, town or village which by resolution elects to have the statute applicable. As stated above, your village has made this election.
Enclosed herewith is a copy of an informal opinion of this office dated February 1, 1979 addressed to Albert J. Pirro, Jr., attorney for Town/Village of Harrison stating that that Town/Village does not have power to regulate conversions of rental premises to cooperative or condominium units. The opinion refers to General Business Law §352-ee but, as noted above, that is the same statute now designated as section 352-eee.
In section 1 of chapter 544 of the Laws of 1978, the Legislature found that although the conversion of residential real estate from rental status to cooperative or condominium ownership is an effective method of preserving, stabilizing and improving neighborhoods and the supply of sound housing accommodations, it is desirable, at the same time, to protect tenants in possession who do not desire or are unable to purchase the units in which they live. Thus, the conditions elsewhere required in the General Business Law for creation and sale of cooperative or condominium units are more restricted where such units are to be made through conversion of existing rental units. Further restrictions allow approval of the change only if the Attorney General affirmatively finds that certain fundamental procedures have been taken and the rights of non-purchasing tenants 62 of age or older are protected.
Rent controls and conversions of rental residential complexes into cooperative or condominium units are matters of State concern, placed squarely under the jurisdiction and control of the Attorney General of the State, who is given specific duties by the statute.
If the amendment you suggested could be made locally, it would make the statute pointless in the community because the owner of a rental residential complex could not convert apartments to cooperative or condominium units. This is so because under General Business Law §352-eee subdivision 2, the Attorney General must refuse to issue authorization for the conversion on the ground that certain protected individuals (non-purchasing tenants 62 years of age or over, without any limitation based on income) would not have the protection created by the statute.
In our opinion, in the counties of Nassau, Westchester or Rockland, no municipality which has elected to have General Business Law § 352-eee
apply to it may amend that State statute by local law so as to exclude from its protection non-purchasing tenants 62 years of age or older having an annual income of $30,000 or more.